**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

KENNETH RICHARD HARRISON,

    *Plaintiff*,　　　　　　　　　　CASE NO. 1:19-cv-12729
　　　　　　　　　　　　　　　　　DISTRICT JUDGE THOMAS L. LUDINGTON
v.　　　　　　　　　　　　　　　　MAGISTRATE JUDGE PATRICIA T. MORRIS

MICHIGAN DEPARTMENT OF CORRECTIONS

    *Defendant*.
_____/

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

This prisoner civil rights case is before the Court for screening under 28 U.S.C. § 1915A. Because the lone defendant, the Michigan Department of Corrections (MDOC), is immune from suit, I **RECOMMEND** the complaint (ECF No. 1) be **DISMISSED**.

**II.   REPORT**

Plaintiff Kenneth Harrison, an inmate, filed this civil action seeking redress from the Michigan Department of Corrections (MDOC) for injuries he sustained during medical treatment. (ECF No. 1, PageID.1.) His complaint asserts "Medical Negligence," followed by quotes from a grievance he filed in 2017 concerning "nurse Ziggler," who had "hooked my mid-line up to the antibiotic vancomyicine." (*Id.*) The medicine missed the vein and flowed into his arm, causing swelling, bruising, and pain. (*Id.*) He seeks monetary compensation "for this medical negligence; unnecessary pain and suffering. This case is unquestionably deliberate indifference, a violation of my 8th Amendment Right." (*Id.*)

1

Under 28 U.S.C. § 1915A(a), the Court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity." The complaint must be dismissed if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The general standards for Fed. R. Civ. P. 12(b)(6) motions apply to dismissal under § 1915A for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). This means that a complaint must be dismissed under § 1915A(b)(1) if it fails to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"The Eleventh Amendment generally bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued." *McCoy v. Michigan*, 369 F. App'x 646, 653 (6th Cir. 2010). This immunity covers instrumentalities of the state and thus extends to MDOC, which has not consented to civil rights actions in federal court. *Id.*; *see also Cary v. Michigan Dep't of Corrections*, 2017 WL 104096, at *2 (W.D. Mich. Jan. 11, 2017). Courts conducting § 1915A screening have consequently dismissed claims against MDOC based on its sovereign immunity. *See Evans v. Michigan Dep't of Corrections*, 2018 WL 636046, at *2 (W.D. Mich. Jan. 31, 2018); *Cary*, 2017 WL 104096, at *2; *Miles v. Michigan Dep't of Corrections*, 2011 WL 5598339, at *1 (W.D. Mich. Nov. 17, 2011); *White v. Correctional Med. Servs., Inc.*, 2010 WL 4812799, at *2 (W.D. Mich. Nov. 18, 2010).

The Sixth Circuit has upheld such dismissals. *See Gardner v. Michigan Dep't of Corrections*, 2018 WL 8454299, at *2 (6th Cir. Dec. 18, 2018) ("The district court properly dismissed [under § 1915A] Gardner's claims against the MDOC. . . . [A]s a state agency, the MDOC is entitled to Eleventh Amendment immunity."); *Dudley El v. Michigan Dep't of Corrections*, 2018 WL 5310761, at *2 (6th Cir. May 23, 2018) ("The district court properly dismissed the MDOC and the Michigan Department of State Police from the lawsuit under . . . [§] 1915A(b)," because "as state agencies, the MDOC and the Michigan Department of State Police are entitled to Eleventh Amendment immunity."); *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("Contrary to Parks's argument, the district court did not err by sua sponte dismissing his complaint based on sovereign immunity because the issue was clear from the face of the complaint that Parks was suing the defendants only in their official capacities."); *Shaw v. State of Michigan*, 202 F.3d 270, 1999 WL 1253082, at *1 (6th Cir. 1999) (unpublished) (upholding dismissal after screening because the MDOC is entitled to sovereign immunity).

In the instant case, the only named defendant is the MDOC. As the caselaw above demonstrates, the MDOC has sovereign immunity from civil rights claims made in federal court. Consequently, Plaintiff cannot maintain this action against the MDOC and I **RECOMMEND** that his complaint (ECF No. 1) be **DISMISSED**.

### III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may

3

respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 2, 2019                    S/ PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Kenneth Richard Harrison at 7116 S. Straits Hwy, Indian River, MI 49749.

Date: October 2, 2019                          By s/Kristen Castaneda
                                                                 Case Manager